Civil Action No. 1:08-cv-00381-JLK

JULIE MEEK,

       Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY,

       Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Julie A. Meek and Defendant Zurich American Insurance Company (collectively, the "Parties"), by and through their respective undersigned counsel, hereby submit the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and request that it be entered as an Order of the Court in order to protect the discovery and dissemination of confidential information in this case:

WHEREAS, Zurich American Insurance Company ("Zurich") possesses information and material which is not in the public domain and is confidential and proprietary;

WHEREAS, information and documents which may be exchanged between the Parties may include or incorporate such confidential and proprietary information;

WHEREAS, the purpose of this Stipulated Protective Order is to facilitate the exchange of such documentation while protecting the confidentiality of such information;

WHEREAS, Fed. R. Civ. P. 26(c) provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances.

NOW, THEREFORE, it is hereby ORDERED that:

1.

This Protective Order shall apply to all documents, materials, and information identified in Exhibit A. The parties understand and agree that disclosure of documents identified in Exhibit A in no way constitutes a waiver of any privilege or immunity that applies to any other documents or information in the possession of Zurich or its counsel.

2.

As used in this Protective Order, "Document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate Document within the meaning of this term.

3.

Any Document identified in paragraph 1 above may be designated by Zurich as "Confidential" by stamping the term "Confidential" clearly and conspicuously on the face of each document containing such information. Any Document designated by Zurich as "Confidential" must first be reviewed by an attorney and such designation must be based on a good faith belief that the Document is "Confidential" or otherwise entitled to protection under Fed. R. Civ. P. 26(c). For a multi-page Document, each page containing confidential information shall be stamped separately.

4. All Documents and information designated "Confidential" shall be used solely for the purposes of preparing for and conducting pre-trial, trial and post-trial proceedings in this action, and not for any other purpose, and such Documents shall not be disclosed to any person or entity except as provided herein.

5. "Confidential" Documents, materials, and/or information (collectively "Confidential information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties;

(d)     the Court and its employees ("Court Personnel");

(e)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(f)     other persons by written agreement of the parties.

6. Prior to disclosing any "Confidential" information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7. A Party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party who opposes designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order.

8.      A Party seeking to offer any Documents that have been designated "Confidential," as described herein, with any pleadings or as evidence at a hearing or trial shall comply with the requirements set forth in D.C.COLO.LCivR 7.2 and 7.3.

9.      Upon termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non exact copies in any form, of designated "Confidential" documents, materials and information shall, upon request, be returned to the Party who produced such documents, materials and information, or may be disposed of in some other manner that is mutually agreeable among the Parties.

10.      The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation of maintaining the confidentiality of all documents, materials and information designated as "Confidential" which is received pursuant to this Protective Order.

11.      This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

APPROVED AS TO FORM:


*s/Andrew R. McLetchie*                                    *s/Mark C. Willis*

Andrew R. McLetchie                          Mark C. Willis
FOWLER, SCHMIBERG & FLANAGAN, P.C.    KUTAK ROCK LLP
1640 Street, Suite 300                       1801 California Street, Suite 3100
Denver, Colorado  80203                      Denver, Colorado  80202-2658
*Attorneys for Plaintiff*                    *Attorneys for Defendant*



* * * *


SO ORDERED this 25th day of July, 2008.

                                        BY THE COURT:



                                        **s/John L. Kane**
                                        SENIOR U.S. DISTRICT JUDGE